**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**
**CLARKSBURG**

**UNITED STATES OF AMERICA,**

        **Plaintiff,**

**v.**

                                        **Criminal Action No.:   1:17-R-32-24**
                                        **(JUDGE KEELEY)**

**KIMBERLY MOZIE,**

        **Defendant.**

**REPORT AND RECOMMENDATION**
**CONCERNING PLEA OF GUILTY IN FELONY CASE**

This matter has been referred to the undersigned Magistrate Judge by the District Court for purposes of conducting proceedings pursuant to Federal Rule of Criminal Procedure 11 (Dkt. No. 1470). Defendant, Kimberly Mozie, in person and by Counsel, Ed Rollo, appeared before me on October 4, 2019. The Government appeared by Assistant United States Attorney, Zelda Wesley. The Court determined that Defendant was prepared to enter a plea of "Guilty" to Count Eighty-One of the Superseding Indictment.

The Court proceeded with the Rule 11 proceeding by first placing Defendant under oath and inquiring into Defendant's competency. The Court determined Defendant was competent to proceed with the Rule 11 plea hearing and cautioned and examined Defendant under oath concerning all matters mentioned in Rule 11.

The Court next inquired of Defendant concerning her understanding of her right to have an Article III Judge hear the entry of her guilty plea and her understanding of the difference between an Article III Judge and a Magistrate Judge. Defendant thereafter stated in open court that she voluntarily waived her right to have an Article III Judge hear her plea and

voluntarily consented to the undersigned Magistrate Judge hearing her plea. Defendant tendered to the Court a written Waiver of Article III Judge and Consent to Enter Guilty Plea before Magistrate Judge. The waiver and consent was signed by Defendant, countersigned by Defendant's counsel, and concurred by the signature of the Assistant United States Attorney.

Upon consideration of the sworn testimony of Defendant, as well as the representations of her counsel and the representations of the Government, the Court finds that the oral and written waiver of an Article III Judge and consent to enter a guilty plea before a Magistrate Judge was freely and voluntarily given. Additionally, the Court finds that the written waiver and consent was freely and voluntarily executed by Defendant Kimberly Mozie only after having had her rights fully explained to her and having a full understanding of those rights through consultation with her counsel, as well as through questioning by the Court. The Court **ORDERED** the written Waiver and Consent to Enter Guilty Plea before a Magistrate Judge filed and made part of the record.

Thereafter, the Court determined that Defendant's plea was pursuant to a written plea agreement and asked the Government to tender the original to the Court. The Court asked counsel for the Government if the agreement was the sole agreement[1] offered to Defendant. The Government responded that it was, and counsel for Defendant confirmed the same. The Court asked counsel for the Government to summarize the written plea agreement. Counsel for Defendant and Defendant stated that the agreement as summarized by counsel for the

---

[1] The Government informed the Court that the signed plea agreement was the second plea agreement provided to the Defendant, however, there were no substantive differences between the original plea and plea signed and entered into by Defendant.

Government was correct and complied with their understanding of the agreement. The undersigned further inquired of Defendant regarding her understanding of the written plea agreement. Defendant stated she understood the terms of the written plea agreement and also stated that it contained the whole of her agreement with the Government and no promises or representations were made to her by the Government other than those terms contained in the written plea agreement. The Court **ORDERED** the written plea agreement filed.

The undersigned then reviewed with Defendant Count Eighty-One of the Superseding Indictment and the elements the Government would have to prove, charging her with Aiding and Abetting the Distribution of Oxycodone in violation of 18 U.S.C. § 2 and 21 U.S.C. § 841(a)(1). Subsequently, Defendant Kimberly Mozie pled **GUILTY** to the charge contained in Count Eighty-One of the Superseding Indictment. However, before accepting Defendant's plea, the undersigned inquired of Defendant's understanding of the charges against her, inquired of Defendant's understanding of the consequences of her pleading guilty to the charges, and obtained the factual basis for Defendant's plea.

The Court heard the testimony of Officer Mark Trump. Neither counsel for Defendant nor Defendant had any questions for the witness. Defendant stated she heard, understood, and did not disagree with the testimony of the Government's witness. Additionally, Defendant provided a factual basis for the commission of the offense.

Defendant stated on the Record that she did not disagree nor object to the testimony of the Government's witness. She further testified that she does not remember the events of that day and cannot admit that she drove Co-Defendant Terry Thomas that day to aid and abet the distribution of oxycodone. She stated that she intended to go to Kroger, not participate in drug dealings, but to

3

shop and had she actually gone into the store to make the purchase she went to the store to make. She also stated she did not know that the drug transactions were taking place. She stated that she found out at a later point that the drug transaction occurred. Defense Counsel Ed Rollo also stated that she was taking medication during the time period that may have affected her memory. This issue was originally brought to the undersigned's attention via email from Defense Counsel docketed under seal. (ECF No. 1483).

Both AUSA Zelda Wesley and Ed Rollo stated that they believed Defendant had provided a sufficient factual basis. Mr. Rollo provided the Court with an unpublished Fourth Circuit opinion, USA v. Miracle, 2012 WL 149806 (4th Cir. Jan. 19, 2012) which he believed to be instructive in this matter.

The undersigned finds that AUSA Zelda Wesley and Officer Trump have provided the Court with a sufficient factual basis to which Defendant did not object. However, Defendant's statements that she did not knowingly drive Terry Thomas to the drug dealings, she did not know that the drug transactions were occurring, and she intended to travel to Kroger only to shop contradict her assertion that she is guilty to Aiding and Abetting the Distribution of Oxycodone and is of the concern to the undersigned to say the least.

The undersigned Magistrate Judge concludes the offense charged in Count Eighty-One of the Superseding Indictment is supported by an independent basis in fact concerning each of the essential elements of such offense, and that independent basis is provided by Officer Trump's testimony.

The undersigned then reviewed with Defendant the statutory penalties applicable to an individual adjudicated guilty of the felony charge contained in Count Eighty-One of the Superseding Indictment and the impact of the sentencing guidelines on sentencing in general.

From said review, the undersigned Magistrate Judge determined Defendant understood the nature of the charges pending against her and that the possible statutory maximum sentence which could be imposed upon her conviction or adjudication of guilty on Count Eighty-One was imprisonment of not more than twenty (20) years. The undersigned further determined Defendant understood a fine of not more than $1,000,000 could be imposed, both fine and imprisonment could be imposed, he would be subject to a period of at least three (3) years of supervised release, and the Court would impose a special mandatory assessment of $100.00 for the felony conviction payable on or before the date of sentencing. Defendant also understood that her sentence could be increased if he had a prior firearm offense, violent felony conviction, or prior drug conviction. She also understood he might be required by the Court to pay the costs of her incarceration, supervision, and probation.

The undersigned also informed Defendant whether he understood that by pleading guilty he was forfeiting other rights such as right to vote, right to serve on a jury, and the right to legally possess a firearm.

Additionally, the undersigned asked Defendant whether she understood that if she were not a citizen of the United States, by pleading guilty to a felony charge she would be subject to deportation at the conclusion of any sentence; that she would be denied future entry into the United States; and that she would be denied citizenship if she ever applied for it. Defendant stated that she understood.

The undersigned also reviewed with Defendant her waiver of appellate and collateral attack rights. Defendant understood that she was waiving her right to appeal her conviction and sentence to the Fourth Circuit Court of Appeals on any ground whatsoever, including those grounds set forth in 18 U.S.C. § 3742. Defendant further understood that under her plea

agreement, she was waiving her right to challenge her conviction and sentence in any post-conviction proceeding, including any proceeding under 28 U.S.C. § 2255. Defendant understood, however, that she was reserving the right to raise claims of ineffective assistance of counsel or prosecutorial misconduct that she learned about after the plea hearing and agreed that she was unaware of any ineffective assistance of counsel or prosecutorial misconduct in her case at this time. From the foregoing, the undersigned determined that Defendant understood her appellate rights and knowingly gave up those rights pursuant to the conditions contained in the written plea agreement.

The undersigned Magistrate Judge further examined Defendant relative to her knowledgeable and voluntary execution of the written plea bargain agreement and determined the entry into said written plea bargain agreement was both knowledgeable and voluntary on the part of Defendant.

The undersigned Magistrate Judge further inquired of Defendant, her counsel, and the Government as to the non-binding recommendations and stipulations contained in the written plea bargain agreement and determined that Defendant understood, with respect to the plea bargain agreement and to Defendant's entry of a plea of guilty to the felony charge contained in Count Eighty-One of the Superseding Indictment. The undersigned Magistrate Judge informed Defendant that he would write the subject Report and Recommendation and a pre-sentence investigation report would be prepared by the probation officer attending the District Court. The undersigned advised the Defendant that the District Judge would adjudicate the Defendant guilty of the felony charged under Count Eighty-One of the Superseding Indictment. Only after the District Court had an opportunity to review the pre-sentence investigation report, would

the District Judge make a determination as to whether to accept or reject any recommendation or stipulation contained within the plea agreement or pre-sentence report.  The undersigned reiterated to Defendant that the District Judge may not agree with the recommendations or stipulations contained in the written agreement.  The undersigned Magistrate Judge further advised Defendant, in accord with Federal Rule of Criminal Procedure 11, that in the event the District Court Judge refused to follow the non-binding recommendations or stipulations contained in the written plea agreement and/or sentenced her to a sentence which was different from that which she expected, she would not be permitted to withdraw her guilty plea. Defendant and her counsel each acknowledged their understanding and Defendant maintained her desire to have her guilty plea accepted.

Defendant also understood that her actual sentence could not be calculated until after a pre-sentence report was prepared and a sentencing hearing conducted. The undersigned also advised, and Defendant stated that she understood, that the Sentencing Guidelines are no longer mandatory, and that, even if the District Judge did not follow the Sentencing Guidelines or sentenced her to a higher sentence than she expected, she would not have a right to withdraw her guilty plea.  Defendant further stated that her attorney showed her how the advisory guideline chart worked but did not promise her any specific sentence at the time of sentencing. Defendant stated that she understood her attorney could not predict or promise her what actual sentence she would receive from the sentencing judge at the sentencing hearing.  Defendant further understood there was no parole in the federal system, but that she may be able to earn institutional good time, and that good time was not controlled by the Court, but by the Federal Bureau of Prisons.

7

Defendant, Kimberly Mozie, with the consent of her counsel, Ed Rollo proceeded to enter a verbal plea of **GUILTY** to the felony charge in Count Eighty-One of the Superseding Indictment.

Upon consideration of all of the above, the undersigned Magistrate Judge finds that Defendant is fully competent and capable of entering an informed plea; Defendant is aware of and understood her right to have an Article Ill Judge hear and accept her plea and elected to voluntarily consent to the undersigned United States Magistrate Judge hearing her plea; Defendant understood the charges against her, not only as to the Superseding Indictment as a whole, but in particular as to Count Eighty-One of the Superseding Indictment; Defendant understood the consequences of her plea of guilty, in particular the maximum statutory penalty to which he would be exposed for Count Eighty-One; Defendant made a knowing and voluntary plea of guilty to Count Eighty-One of the Superseding Indictment; and Defendant's plea is independently supported by Officer Trump's testimony, which provides, beyond a reasonable doubt, proof of each of the essential elements of the charges to which Defendant has pled guilty.

Accordingly, the undersigned **RECOMMENDS** that the District Judge accept the Defendant's guilty plea to Count Eighty-One, following the Court's independent review of the factual basis provided by Defendant in this matter and finding that the factual basis is sufficient to establish guilt. The undersigned informed Defense Counsel and the Government as to their specific right to object to this portion of the Report and Recommendation. If the District Judge finds no issue with the factual basis presented at the plea hearing, the undersigned **RECOMMENDS** that the Report and Recommendation be adopted in its entirety.

The undersigned Magistrate Judge released Defendant on the terms of the Order Setting Conditions of Release (Dkt. No. 16) filed on June 20, 2017.

Any party shall have fourteen days from the date of filing this Report and Recommendation within which to file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitations, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk of the Court is directed to send a copy of this Report and Recommendation to counsel of record.

Respectfully submitted on October 4, 2019

MICHAEL JOHN ALOI
UNITED STATES MAGISTRATE JUDGE